IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION AT JACKSON

**VALLENA GREER**                                                                                      **PLAINTIFF**

**VS.**                                                                       **CAUSE NO. 3:21-cv-526-HTW-LGI**

**KROGER LIMITED PARTNERSHIP I**
**AND JOHN DOES 1-10**                                                                     **DEFENDANTS**

### ANSWER AND DEFENSES OF KROGER DEFENDANT

**COMES NOW** Defendant, Kroger Limited Partnership I, (sometimes referred to throughout as "Kroger Defendant" or simply as "Kroger"), by and through counsel, and in answer to the Complaint state as follows:

### FIRST DEFENSE

That the Complaint does not state a cause of action against any Defendant sufficient under law for any type of recovery and therefore all claims should be denied and the Complaint should be dismissed with prejudice. Fed. R. Civ. P. 12.

### SECOND DEFENSE

Answering the allegations of the Complaint, and without waiving any defenses, the Kroger Defendant states:

### I. PARTIES

1. Kroger is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint.

2. The Defendant, Kroger Limited Partnership I, admits that it has been served and that it is an Ohio Corporation, headquartered in Ohio. Further, Defendant provides the following CORPORATE DISCLOSURE STATEMENT for KROGER LIMITED PARTNERSHIP I. The partners of Kroger Limited Partnership I are: KRGP Inc. is the general partner. It is an Ohio

Corporation with Ohio citizenship. There are no parent corporations nor any publicly held corporations which own ten percent (10%) or more of its stock. The Kroger Co. is the limited partner. It is an Ohio Corporation with Ohio citizenship. There are no parent corporations nor any publicly held corporations which own ten percent (10%) or more of its stock.

3. Kroger is without sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are denied.

## II. JURISDICTION AND VENUE

4. Kroger denies the allegations of Paragraph 4 of the Complaint.

## III. FACTS

5. Kroger notes that the allegations of Paragraph 5 are conclusory statements of law or fact which require no response at this time.

6. Kroger notes that the allegations of Paragraph 6 constitute conclusory statements of law or fact which require no response at this time. Kroger admits only, and without waiving any objections or defenses, that Kroger Limited Partnership I operates the Kroger store located at 4910 I-55, Jackson, Mississippi 39211.

7. Kroger is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint. Kroger admits only, and without waiving any objections or defenses, that it operated the Kroger Store located at 4910 I-55, Jackson, MS on or about October 6, 2018. The remaining allegations are denied.

8. Kroger is without sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint. Kroger admits only, and without waiving any objections or defenses, that it operated the Kroger Store located at 4910 I-55, Jackson, MS on or about October 6, 2018. The remaining allegations are denied.

## COUNT 1 – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, KROGER LIMITED PARTNERSHIP, I

9. Kroger notes that the allegations of Paragraph 9 constitute conclusory statements of law or fact which require no response at this time and are denied.

10. Denied as stated. The allegations of Paragraph 10 constitute conclusory statements of law or fact which require no response at this time and are denied.

11. Denied as stated. Kroger notes that the allegations of Paragraph 11 and its subparts, (a.) through (q.) merely constitute conclusory statements of law or fact which require no response at this time. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

In answer to the paragraph immediately following Paragraph 11 which begins with the phrase "**WHEREFORE, PREMISES CONSIDERED,**" Kroger Defendant at this time denies liability and denies that the Plaintiff is entitled to a judgment against it for any of the claims and allegations included in the complaint, or for any forms of compensatory damages, consequential, incidental, extra-contractual and/or punitive damages, or costs and expenses, costs of court, attorney's fees, pre-judgment interest, post-judgement interest or for any other relief or recovery of any kind, type, or sort whatsoever.

## COUNT 2 – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, KROGER LIMITED PARTNERSHIP, I

12. Denied as stated. Kroger notes that the allegations of Paragraph 12 and its subparts, (a.) through (q.) merely constitute conclusory statements of law or fact which require no response at this time. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

13. Kroger notes that the allegations of Paragraph 13 constitute conclusory statements of law or fact which require no response at this time. Kroger admits only, and without waiving any

objections or defenses, that Kroger Limited Partnership I operates the Kroger store located at 4910 I-55, Jackson, Mississippi 39211.

14. Denied as stated. The allegations of Paragraph 14 constitute conclusory statements of law or fact which require no response at this time and are denied. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

15. Denied as stated. The allegations of Paragraph 15, including subparts (a.) – (d.), constitute conclusory statements of law or fact which require no response at this time and are denied. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

16. Denied as stated. The allegations of Paragraph 16 merely constitute conclusory statements of law or fact which require no response at this time and are denied. This Defendant expressly denies any fault or liability at this time and further denies that the Plaintiff is entitled to any award in any amount or relief in any nature.

17. Denied as stated. The allegations of Paragraph 17, including subparts (a.) – (i.), constitute conclusory statements of law or fact which require no response at this time and are denied. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time and further denies that the Plaintiff is entitled to any award in any amount or relief in any nature.

## PRAYER OF RELIEF

In answer to the final paragraph which begins with the phrase "**WHEREFORE, PREMISES CONSIDERED,**" Kroger Defendant at this time denies liability and denies that the Plaintiff is entitled to a judgment against it for any of the claims and allegations included in the complaint, or for any forms of compensatory damages, consequential, incidental, extra-contractual

and/or punitive damages, or costs and expenses, costs of court, attorney's fees, pre-judgment interest, post-judgement interest or for any other relief or recovery of any kind, type, or sort whatsoever.

## ADDITIONAL AFFIRMATIVE DEFENSES

And now, without waiving any defenses that have already been asserted, Kroger states the following:

## THIRD DEFENSE

The affirmative statements and denials contained in the foregoing Answer are incorporated herein by reference.

## FOURTH DEFENSE

The facts and circumstances not being fully discovered, Kroger expressly reserves the right to assert that it did all required of it in the premises and was in no way negligent or otherwise at fault.

## FIFTH DEFENSE

The facts and circumstances not being fully discovered, Kroger expressly reserves the right to assert that it was at all times in compliance with the requisite standard of care and is not liable or responsible to the Plaintiff for any reason whatsoever.

## SIXTH DEFENSE

The facts and circumstances not being fully discovered, Kroger expressly reserves the right to assert, if applicable, and subject to withdrawal, contributory negligence as a defense hereto, and asserts §11-7-15 of the Mississippi Code.

## SEVENTH DEFENSE

The facts and circumstances not being fully discovered, Kroger expressly reserves the right to assert, if applicable, and subject to withdrawal, failure to exercise due and proper caution

for Plaintiff's own safety, and that the Plaintiff's conduct is the sole or a proximate cause of whatever may have occurred.

### EIGHTH DEFENSE

If applicable, and subject to withdrawal, Kroger asserts § 85-5-7 of the Mississippi Code.

### NINTH DEFENSE

That Kroger is in no way responsible for the acts of others who are not under its direction and control.

### TENTH DEFENSE

If applicable, and subject to withdrawal, Kroger asserts, as may be applicable in this action, any and all defenses of pre-existing medical conditions, or disease, handicap, or lesions, or any other condition involving the Plaintiff.

### ELEVENTH DEFENSE

These answering Defendants, as may be applicable in this action, deny that the Plaintiff is entitled to any type of recovery from these defendants.

### TWELFTH DEFENSE

Kroger reserves the right to amend this Answer at any time prior to trial.

### THIRTEENTH DEFENSE

Kroger Defendant, as may be applicable in this action, denies all allegations contained in the Complaint which seek to impose liability for damages, compensatory or punitive, arising from or connected with the allegations of the Complaint and the Plaintiff.

### FOURTEENTH DEFENSE

The facts and circumstances not being fully discovered, Kroger expressly reserves the right to assert as may be applicable in this action that the sole proximate cause, or in the alternative a proximate contributing cause, of any alleged damages sustained by the Plaintiff is the negligence

6

or wrongful acts of others for which Kroger is not liable or is the direct result of other causes and conditions over which Kroger had no control.

## FIFTEENTH DEFENSE

The facts not having been fully developed, Kroger affirmatively pleads the following affirmative defenses as may be applicable in this action: improper venue; insufficiency of process or the service of process; failure to join necessary parties; the terms, provisions and conditions of any contract or agreement; accord and satisfaction, assumption of risk; contributory negligence; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; the alleged losses and damages complained of were proximately caused or proximately contributed to by external forces, acts of nature, force majeure, or negligent acts of others for whom this Defendant is not responsible or liable; and any other matter constituting an avoidance or affirmative defense.

## SIXTEENTH DEFENSE

Kroger invokes the limitations, protections, caps on non-economic damages, and immunities afforded it by the Mississippi Malpractice Tort Reform Act, as amended including, but not limited to, Section 7, MCA § 11-1-65; the Mississippi Constitution and the United States Constitution. Without waiving any other affirmative defense and pleading in the alternative, this Defendant further pleads being entitled to all rights, benefits and privileges afforded by the Mississippi Legislature and the Mississippi Code, in particular but not limited to certain enactments as set forth in the 2002 Mississippi Laws Third Extraordinary Session, Chapter 4 (H.B. No. 19) – Civil Justice Reform Act and the 2004 Mississippi Laws First Extraordinary Session, Chapter 1 (H.B. No. 13) – Civil Procedure – Tort Reform – Venues; Damages; Juries, etc. and this Defendant expressly reserves all rights provided thereby, including transfer of venue, and limitations on damages.

**SEVENTEENTH DEFENSE**

The facts and circumstances not being fully discovered, Kroger expressly reserves the right, as may be applicable in this action, to assert that any alleged losses and damages complained of by the Plaintiff were proximately caused or proximately contributed to by the Plaintiff, or by external forces, acts of nature, force majeure, or negligent or wrongful acts of others for whom Defendants are not responsible nor liable.

**EIGHTEENTH DEFENSE**

The facts and circumstances not being fully discovered, this answering Defendant expressly reserves the right, as may be applicable in this action, to assert and seek contribution and apportionment from others pursuant to Miss. Code Ann. § 85-5-7. Any fault of Kroger, although Kroger expressly denies any fault, was minimal and of no consequence in comparison to the wrongful acts of the Plaintiff or others for which Kroger is not responsible, therefore Kroger is entitled to apportionment, contribution, and/or indemnity from any other entities at fault, and Kroger is responsible only for any percentage of fault directly attributable to it.

**NINETEENTH DEFENSE**

The facts and circumstances not being fully discovered, this answering Defendant expressly reserves the right to assert, if appropriate, as may be applicable in this action, that Plaintiff failed to mitigate damages, if any. Kroger should not be liable or responsible for damages allegedly sustained by the Plaintiff, if any, that were caused or contributed to by the Plaintiff's negligence and failure to mitigate damages or take reasonable steps to avoid damages, or lessen resulting damages, or otherwise exercise ordinary or reasonable care and diligence.

**TWENTIETH DEFENSE**

In the event subsequent investigation reveals that the Plaintiff's damages, if any, are the result of intervening acts or subsequent or superseding events which were the proximate or

8

substantially contributing cause, this Defendant, as may be applicable in this action, reserves the right to defend on said basis.

## TWENTY FIRST DEFENSE

As a matter of fact, the Plaintiff has no claim against this Defendant.

## TWENTY SECOND DEFENSE

As a matter of law, the Plaintiff has no claim against this Defendant.

## TWENTY THIRD DEFENSE

This Defendant denies all of the allegations of the Complaint not specifically admitted in the answer, and, as may be applicable in this action, denies that the Plaintiff is entitled to any relief whatsoever from this Defendant.

## TWENTY FOURTH DEFENSE

If appropriate, and subject to withdrawal, if Plaintiff failed to mitigate damages this Defendant should not be liable or responsible for damages allegedly sustained by the Plaintiff, if any, that were caused or contributed to by the Plaintiff's negligence and failure to mitigate damages or take reasonable steps to avoid damages, or lessen resulting damages, or otherwise exercise ordinary or reasonable care and diligence.

## TWENTY FIFTH DEFENSE

Defendant reserves the right to file any claim allowed to it pursuant to Rules 13 and/or 14 of the Federal Rules of Civil Procedure, and places the Plaintiff on notice of such.

## TWENTY SIXTH DEFENSE

In the event subsequent investigation reveals that the Plaintiff's damages, if any, are the result of an intervening act or subsequent or superseding event which was the sole proximate or substantially contributing cause, this Defendant reserves the right to defend on said basis.

AND NOW, having answered the allegations as contained in the Complaint, and having asserted defenses thereto, Defendant prays that the Plaintiff's Complaint should be dismissed and that all costs associated with the Complaint should be taxed against the Plaintiff, including the Defendant's expenses and legal fees, and Defendant further prays for any other relief this Court may deem appropriate.

**RESPECTFULLY SUBMITTED**, this the   13th   day of August, 2021.

                                          **KROGER LIMITED PARTNERSHIP I, Defendant**

BY:   */s/ Michael E. Phillips*
         Michael E. Phillips (MSB # 100119)

OF COUNSEL:

Michael E. Phillips (MSB # 100119)
Claire K. Robinett (MSB #104984)
**HAGWOOD AND TIPTON PC**
213 Draperton Drive, Suite A
Ridgeland, MS 39157
Telephone: (601) 608-6300
Facsimile: (601) 362-6342
Email: mphillips@hatlawfirm.com
       crobinett@hatlawfirm.com

**CERTIFICATE OF SERVICE**

I, the undersigned, one of the attorneys of record for Defendant, Kroger Limited Partnership I, do hereby certify that I have this day served copies of the foregoing *Answer and Defenses* via the ECF filing system, which sent notice to the following counsel of record:

Harry M. McCumber (MSB No. 10632)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
Telephone: (601) 718-0921
Facsimile:  (601) 503-1650
hmccumber@forthepeople.com
      *Attorney for Plaintiff*

**THIS**, the 13th day of August, 2021.

                                        */s/ Michael E. Phillips*
                                        Michael E. Phillips